## J. L. HUME ET AL. v. D. B. GRACY.

### No. 141.

**Settler—Settler and Resident of the State.**

Chapter 54, pages 48, 49, Acts Twenty-first Legislature, " For the sale of certain appropriated lands in organized counties," prescribes, that where the land is situated " within the enclosed lands of any actual bona fide settler and resident of the State, such settler shall have the preference right for six months" from time the land is declared vacant. Construing this law, *Held:* Looking to the ordinary use of the word " *settler*," and applying it to the subject matter of the act, it refers to the word " enclosure," and not to the word " State," and that the intention was to give preference to a settler within the enclosure, and not to any settler in the State or settler not within such enclosure.... 673

CERTIFIED QUESTION from Court of Civil Appeals for Third District, in an appeal from Travis County.

The statute involved in this litigation is the Act of April 5, 1889, relating to the purchase of *scrap lands*.

The part of section 1 of the act discussed is as follows: · "*Provided*, where it is ascertained that any of such lands as contain not more than 640 acres is situated within the enclosed lands of any actual bona fide settler and resident of the State, such settler shall have the preference right for six months from the time the same shall have been declared by the Commissioner of the General Land Office to be vacant and subject to sale, to purchase as much of said land as may be embraced within his en-

closure:    *Provided,* that said preference right shall not be given to any person who has enclosed any vacant land, knowing the same to be vacant at the time of enclosing same."

The question certified is:    " Must one otherwise entitled be an actual bona fide settler upon or within the enclosure embracing the vacant land, as well as a resident of the State, to be entitled to the preference to purchase for six months after the vacancy is declared ?   Or, in other words, will he be entitled to the preference if he be a resident of the State, having the land enclosed, and an actual bona fide settler elsewhere in the State ?"

*David H. Hewlett* and *Walton, Hill & Walton,* for appellants.

*West & Cochran* and *Barnard & McGown,* for appellees. — The words " settler " and " actual settler " have been time and time again construed by our Supreme Court.

In Burleson v. Durham, 46 Texas, 153, the court says:   " The word ' settler,' when applied to lands, conveys the idea of permanent inhabitant.    A settler protected by the pre-emption law was one who actually resided upon the land, and the statute intends to give such right of purchasing to him only who occupies public land as a residence."

In Turner v. Ferguson, 58 Texas, 10, it is said:   " To be an actual settler, the land must be occupied with the intention of making it a home," and this has been the definition of the term since Cravens v. Brooke, 17 Texas, 269.    See also Snyder v. Nunn, 66 Texas, 259; Martin v. McCarty, 74 Texas, 135

"An actual settler upon the land is one who has actually established his residence upon it, and not one who has enclosed it and cultivated it." Baker v. Millman, 77 Texas, 46; 2 Texas Civ. App., 342; Calvert v. Ramsey, 59 Texas, 492; Baker v. Borroughs, 2 Texas Civ. App., 337; Dailey v. Avery, 4 Serg. & Rawle, 287; Carr v. Tucker, 42 Texas, 330.

GAINES, Associate Justice.—We are of the opinion, that in order to show a prior right to purchase any of the lands designated in the act, a copy of which appears in the statement accompanying the question certified, the claimant should prove that he is a settler at least within the enclosure which embraces the land which is made subject to sale.

The words, " within the enclosure of any bona fide settler and resident of the State," found in the proviso, when applied to the subject matter of the act, are somewhat difficult of construction.

A settler in any particular locality means any one who has taken up his permanent abode in that locality; and the words in question, therefore, admit of three constructions: first, they may include all persons who have taken up their abode upon any landed property in the State,

with the intention of making it their permanent residence; in the second place, they may be restricted to those who have settled upon lands adjacent to those which are designated in the statute; and in the third, they may embrace only those who have settled upon the designated lands and have enclosed them.

But the word "settlers" is ordinarily applied to those who first come to a country or section of a country either partially or wholly uninhabited, and who make their residence there. We may speak of the early settlers of a long inhabited country, but the term is hardly applicable to any other class of residents of such a country.

It seems to us, therefore, that its was not intended to embrace within the meaning of the term all the bona fide inhabitants of the State who have purchased and made their home upon any landed property in the State.

It is not appropriate to speak of the inhabitants of a city as settlers in a city; nor of those who have purchased and taken up their abode upon lands in a section of a country already settled as settlers in such country. Besides, in the sense indicated, the word "settler" is hardly more restricted than the word "resident," and we can see no reason why the Legislature should have desired to give to persons who lived upon lands remote from the land to be purchased a right which it denied to other residents of the State, who were in other respects similarly situated with regard to the property to be disposed of.

Indeed we see no very good reason why all persons who owned enclosed lands adjoining any of the vacant tracts which were authorized to be sold by the act, and who had enclosed such vacant tracts believing them to be their own, should not have been placed upon an equal footing with respect to the prior right of purchase.

The principle underlying the preference would seem to be the natural equity of saving to the party who had improved the land the benefits of his expenditure upon it. And yet the Legislature may have thought that those who lived upon land adjacent to that to be sold, and who had innocently enclosed the latter, were entitled to more consideration than those who resided elsewhere.

At all events, we think, that looking to the ordinary use of the word "settler," and applying it to the subject matter of the act, it refers to the word "enclosure," and not to the word "State," as found in the proviso; and that the intention was to give the preference to a settler within the enclosure, and not to any settler in the State. Whether or not the proviso should not be construed in a still more restricted sense, is a question not involved in that certified for our decision, and we give no opinion upon it.

Delivered May 14, 1894.